UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:01-cr-00002-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | |
| (4) ALLEN DWAYNE BERRY, ) | ORDER |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Defendant's pro se Motions for Appointment of Counsel, Compassionate Release and/or request for home confinement. (Doc. No. 229). For the reasons which follow, Defendant's Motions are DENIED.

**I.  BACKGROUND**

On March 25, 2002, Defendant pleaded guilty to Conspiracy to Possess with Intent to Distribute Cocaine Base, and Use Carrying and Possession of a Firearm During and In Relation to a Drug Trafficking Crime Causing Death. (Doc. No. 87). The Defendant's criminal history category is V, and the Defendant's offense level for his last conviction was 40. (Doc. No. 182). On May 20, 2002, Judge Richard Voorhees sentenced Defendant to 360 months imprisonment (low end of the applicable Sentencing Guidelines range) and five years of supervised release.

On May 6, 2020, while held in the custody of the Bureau of Prisons at Williamsburg FCI, the Defendant submitted an administrative request to the Warden for compassionate release based on concerns regarding the COVID-19 virus. On May 22, 2020, the Warden of FCI Williamsburg rejected the Defendant's request. On August 11, 2020, the Defendant filed one of the pro se Motions for Compassionate Release. (Doc. No. 324). On August 18, 2020, the Defendant filed the second pro se Motion for Compassionate Release. (Doc. No. 328).

1

While in the custody of the Bureau of Prisons ("BOP"), Berry has received numerous disciplinary actions, including:

    Phone Abuse – Disrupting Monitoring (3.5.2015)
    Possessing Unauthorized Item (6.29.2009)
    Assaulting Without Serious Injury (6.12.2009)
    Being Absent From Assignment (11.22.2006)
    Assaulting Without Serious Injury (6.28.2006)
    Possession of a Dangerous Weapon (5.21.2006)
    Refusing to Obey An Order (7.20.2006)
    Fighting With Another Person (5.21.2006)
    Fighting With Another Person (6.25.2005)
    Stealing (3.15.2004)

(Supplemental Presentence Report, Doc. No. 213).

On July 13, 2020, Defendant filed his request for Compassionate Relief on the basis that a spouse or registered partner had become incapacitated, and he would be the only available caretaker. As noted above, Defendant mentioned a desire to take care of his mother, not a spouse or registered partner, and he did not state how or why he would be the sole provider for another person, particularly since he has been in federal prison since 2002. On July 25, 2020, the Warden denied Defendant's request for compassionate request. (Doc. No. 235-2).

## II.    DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL

With respect to the Motion to Appoint Counsel, criminal defendants have no right to counsel beyond their first appeal. E.g., United States v. Kenny, No. 3:01-cr-00185-FDW, 2020 WL 2094116, at *1 (W.D.N.C. Apr. 30, 2020); United States v. Ismel, No. 3:94-CR-00008-1, 2012 WL 113392, at *1 (W.D. Va. Jan. 13, 2012). Defendant has not shown extraordinary circumstances warranting the appointment of counsel at this time. The Motion for Appointment of Counsel is therefore DENIED.

### III.     DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

In the Motion, the Defendant does not allege any "extraordinary and compelling" reason to justify a reduction of his sentence. He does not claim that he has a medical condition that will significantly worsen if he contracts COVID-19. In his Motion, Defendant checked the box for "Request Based On Incapacitation of a Spouse or Registered Partner where you are the only caregiver." (Doc. No. 235-1). While defendant does not state who has become incapacitated, he mentions wanting to take care of his mother.

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act, provides that the court may *not* modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
>
> > (i) extraordinary and compelling reasons warrant such a reduction; or
>
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)…[1]

18 U.S.C. § 3582(c)(1)(A).

---

[1] Addressing factors to reasonably assure the appearance of the person as required and the safety of any other person and the community.

3

In addition to satisfying subsections (i) or (ii), the reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission…." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's policy statement with regard to compassionate release is set forth in U.S. Sentencing Guidelines § 1B1.13. The Policy recognizes the following extraordinary and compelling reasons:

> (A) Medical Condition of the Defendant –
>     (i) The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory)….
>     (ii) The defendant is –
>        (I) suffering from a serious physical or medical condition,
>        (II) suffering from a serious functional or cognitive impairment, or
>        (III) experiencing deteriorating physical or mental health because of the aging process,
>     that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
> (B) Age of the Defendant – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
> (C) Family Circumstances.
>     (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>     (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
> (D) Other Reasons – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in a combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, application note 1; see also 28 U.S.C. § 994(t) (authorizing the Commission to describe what should be considered extraordinary and compelling reasons for sentence reduction).

The Defendant does not qualify for relief based on the extraordinary or compelling circumstances under subsection (i)-(ii). The Defendant has failed to demonstrate the existence of

4

"extraordinary and compelling reasons" to support his Motion pursuant to § 3582(c)(1)(A)(i). The Defendant has not alleged any medical conditions which may merit consideration under the statute. Nor does the Defendant identify any other circumstances that are "extraordinary and compelling" under subsection D of the applicable policy statement. The general threat of exposure to COVID-19, lack of social distancing, and fear of contracting the virus, which appears to be Defendant's sole basis for relief, is not sufficient to qualify for the request relief under the statute. (Doc. No. 229).

Additionally, the Court must consider whether release is warranted given the applicable § 3553(a) factors. See 18 U.S.C. § 3582(c)(1)(A). These factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment of the offense, (B) to afford adequate deterrence, (C) to protect the public from further crimes committed by the defendant, and (D) to provide the defendant with educational or vocational training, medical care, or other treatment; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for the applicable category of offense or defendant; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

In accordance with 18 U.S.C. § 3553(a)(1), the Court must consider the nature and circumstances of the offense and the history and characteristics of the defendant prior to granting compassionate release. See 18 U.S.C. § 3582(c)(1). The seriousness of the Defendant's criminal history and the sentence imposed against him must be considered when the Court asks itself if

5

Case 3:01-cr-00002-FDW   Document 236   Filed 10/06/20   Page 5 of 7

releasing him will serve the interests of general or individual deterrence. With a lengthy criminal record, Defendant's criminal history category was V at the time of his sentencing. The two counts to which he plead guilty—Cocaine Base and Use, Carrying and Possession of a Firearm During and In Relation to a Drug Trafficking Crime Causing Death—show that he was engaged in a highly violent lifestyle that endangered the lives of others. In fact, Defendant's sentencing guideline calculations included a Murder cross-reference for his role in the death of another man. It also appears that Defendant has run into problems while incarcerated in the BOP. As noted above, his BOP disciplinary record revealed that he has been involved in many fights, stole on one occasion, and assaulted another person on two occasions. The Court recognizes the seriousness of Defendant's offense, the necessity to provide just punishment, and Defendant's persistence of drug dealing. The Court must protect the public from the possible danger of Defendant's continued narcotics behaviors, when deciding whether to reduce the sentencing, thereby promoting specific deterrence. Thus, Defendant's release is not warranted under the relevant § 3553(a) factors due to his potential danger to the public.

For the foregoing reasons, Defendant has failed to demonstrate that he should be granted a sentence reduction, and therefore, his Motion for Compassionate Release (Doc. No. 229) is DENIED.

## IV. DEFENDANT'S REQUEST FOR HOME CONFINEMENT

To the extent Defendant requests the Court release him to home confinement, the Court does not have authority to direct the BOP to do so. See 18 U.S.C. § 3621(b); Moore v. United States Att'y Gen., 473 F.2d 1375, 1376 (5th Cir. 1973) (per curiam); see also McKune v. Lile, 536 U.S. 24, 39 (2002) (plurality opinion) ("It is well settled that the decision where to house inmates

is at the core of prison administrators' expertise."); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) ("[D]efendant suggests the CARES Act provides legal authority for the court to order home confinement…. This provision does not authorize the court to order defendant's placement in home confinement."). A court has no authority to designate a prisoner's place of incarceration. United States v. Voda, 994 F.2d 149, 151-52 (5th Cir. 1993). Because Defendant's request for home confinement alters only the place of incarceration, not the actual term of incarceration, only BOP may grant or deny his request; the Court is without jurisdiction to do so. Therefore, the Defendant's Motion for immediate release to home confinement (Doc. No. 229) is DENIED.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motions for Appointment of Counsel, Compassionate Release and/or request for home confinement (Doc. No. 229) are DENIED.

IT IS SO ORDERED.

Signed: October 6, 2020

Frank D. Whitney
United States District Judge