UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:01-cr-00002-FDW

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| ALLEN DWAYNE BERRY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

THIS MATTER is before the Court on Defendant's Motion to Delay Payment of Restitution and Grant Compassionate Release (Doc. No. 257) and Motion for Reconsideration (Doc. No. 267), filed *pro se*. In short, both motions attempt to reassert grounds Defendant believes support a reduction in his sentence and a delay in payment of restitution, and this Court has previously issued at least two rulings denying his previous motions asserting similar arguments (Doc. Nos. 236, 275). The Government responded in opposition to Defendant's motion to delay restitution payments (Doc. No. 258). For the reasons already explained by the Court in its prior rulings and as reiterated below, the Court DENIES Defendant's Motion to Delay Payment of Restitution and for Compassionate Release and DENIES Defendant's Motion for Reconsideration.

As an initial matter, that part of Defendant's motion seeking to delay payment of restitution is repetitive of a prior motion (Doc. No. 227), which this Court recently denied (Doc. No. 275). For the reasons in that Order, the motion at bar is also denied. The Court supplements that order to note that a sentence imposing an order of restitution is a final judgment that cannot be modified without application of an enumerated statutory exception, and Defendant did not argue in his motion that any of these exceptions applied. See United States v. Berry, 2019 WL 2221598 (E.D.N.C. May 22, 2019); 18 U.S.C. § 3664(o); United States v. Grant, 715 F.3d 552, 557 (4th

1

Cir. 2013). Defendant cannot show his economic circumstances have changed materially since he began serving his sentence in the Bureau of Prisons. See 18 U.S.C. § 3664(k). Additionally, because Defendant is essentially asking the Court to order the BOP to execute his sentence differently, that is, modifying payments made through the Inmate Financial Responsibility Program ("IFRP"), his claim is a petition for habeas corpus relief under 28 U.S.C. § 2241. To pursue that avenue of relief, Defendant must exhaust his administrative remedies before filing a habeas claim in the district where he is incarcerated. See In re Jones, 226 F.3d 328, 332 (4th Cir. 2000). Accordingly, the Court's ruling here is without prejudice to filing a § 2241 petition in his district of confinement, after exhaustion of administrative remedies.

Turning to the motion for compassionate release and motion for reconsideration, Defendant seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and the CARES Act[1], arguing that extraordinary and compelling reasons, along with consideration of the 18 U.S.C. § 3553(a) factors, support his request to "modify his sentence to release him immediately to home confinement and a period of supervised release." (Doc. No. 267, p. 1).

The Court does not have the authority to direct BOP to place a defendant in home confinement. See 18 U.S.C. § 3621(b); see also United States v. Harless, No. 20-6994, 2021 WL 2311463 (4th Cir. June 7, 2021) ("[[T]he district court correctly concluded that it lacked authority to order [the defendant's] release to home confinement, insofar as she sought relief under the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020)." (citing United States v. Saunders, 986 F.3d 1076, 1078 (7th Cir. 2021)); see also Moore v. United States Att'y Gen., 473 F.2d 1375, 1376 (5th Cir. 1973) (per curiam); see also McKune v. Lile, 536 U.S. 24, 39 (2002) (plurality opinion) ("It is well settled that the decision

---

[1] Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020).

where to house inmates is at the core of prison administrators' expertise."); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) ("[D]efendant suggests the CARES Act provides legal authority for the court to order home confinement…. This provision does not authorize the court to order defendant's placement in home confinement."); United States v. Voda, 994 F.2d 149, 151-52 (5th Cir. 1993). Because Defendant's request for home confinement for "the remainder of his sentence" alters only the *place* of incarceration, not the actual *term* of incarceration, only BOP may grant or deny his request; the Court is without jurisdiction to do so.[2] Therefore, the Court DENIES Defendant's motion seeking his release to home confinement.

To the extent Defendant relies on 18 U.S.C. § 3582(c)(1)(A), the Court has already rejected Defendant's arguments and denied his compassionate release motions. Defendant does not assert any new grounds to support relief, and in fact, he recognizes that "I'm praying you have a heart and look at this again. I know you hurd [sic] it all before." (Doc. No. 267-2, p. 9). For the reasons stated in the Court's prior order (Doc. No. 236), which is hereby incorporated by reference, and after reviewing the entire record, the Court DENIES the instant motion seeking compassionate release. It bears repeating that Defendant's filings with the Court fail to demonstrate extraordinary and compelling reasons to support a sentence reduction. His argument that "excessive prison sentences" can qualify as "extraordinary and compelling" grounds to seek compassionate release is unavailing under this record. Moreover, his contraction of and recovery from the COVID-19 virus do not indicate "extraordinary and compelling" grounds here.

Even presuming Defendant's new filings establish an "extraordinary and compelling circumstance" for a sentence reduction, the Court denies the motion because—under the current

---

[2] To the extent the Court has discretion to make a *recommendation* to BOP, the Court declines to do so under the current record. See United States v. Ferguson, No. 6:16-CR-707-JMC-8, 2018 WL 5095149, at *2-3 (D.S.C. Oct. 18, 2018) (collecting cases on the split among district courts as to whether a district court can make imprisonment placement recommendations on a defendant's post-sentencing motion).

3

record before the Court—it is not warranted based on consideration of the applicable § 3553(a) factors. U.S. v. High, 997 F.3d 181, 186 (4th Cir. 2021) ("[I]f a court finds that a defendant has demonstrated extraordinary and compelling reasons, it is still not required to grant the defendant's motion for a sentence reduction. Rather, it must 'consider[]' the § 3553(a) sentencing factors 'to the extent that they are applicable' in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment. 18 U.S.C. § 3582(c)(1)(A)."). For the reasons already stated by the Court, the factors in 18 U.S.C. § 3553(a) counsel against granting this Defendant compassionate release. Defendant has a lengthy criminal record involving violent activity, and his disciplinary record while incarcerated indicates that he continues to engage in violent behavior. The Court commends Defendant for completion of important educational programs and participating in work assignments (Doc. No. 267-2, pp. 6-8). Nevertheless, the Court has considered all of the relevant § 3553(a) factors, including Defendant's post-sentencing mitigation arguments and evidence, and concludes Defendant's release is not warranted.

IT IS THEREFORE ORDERED that Defendant's Motion to Delay Payment of Restitution and Grant Compassionate Release (Doc. No. 257) and Motion for Reconsideration (Doc. No. 267) are DENIED.

IT IS SO ORDERED.

Signed: November 23, 2021

Frank D. Whitney
United States District Judge